## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 23-CV-60440-RAR

**DAVID SCOTT POWER**,

     Plaintiff,

v.

**AIRCRAFT SERVICE INTERNATIONAL, INC.**,
*d/b/a Menzies Aviation*,

     Defendant.

_____/

### ORDER GRANTING MOTION TO DISMISS

**THIS CAUSE** comes before the Court upon Defendant's Partial Motion to Dismiss Count Two for Failure to State a Claim ("Motion"), [ECF No. 9], filed on March 14, 2023.[1]  Having considered Defendant's Motion, the record, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that the Motion, [ECF No. 9], is **GRANTED** for the reasons stated herein.

### BACKGROUND

Plaintiff David Scott Power is a former employee of Defendant Aircraft Service International Inc. *d/b/a* Menzies Aviation ("Menzies Aviation").  Compl., [ECF No. 1-1] ¶ 16.   In September 2021, Power contracted COVID-19 and was instructed by his healthcare provider to isolate himself until his symptoms improved.  Compl. ¶ 18.  After learning Power was diagnosed with COVID-19, Power's supervisor Victor Torres "scolded" him over text message for receiving

---

[1]  The Motion is fully briefed and ripe for adjudication.  *See* Pl.'s Resp. to Def.'s Partial Mot. to Dismiss Count II for Failure to State a Claim ("Response"), [ECF No. 11]; Def.'s Reply Mem. in Supp. of Its Partial Mot. to Dismiss Count Two for Failure to State a Claim ("Reply"), [ECF No. 16].

medical attention for his COVID-19 infection.  Compl. ¶ 19.  Power continues to experience shortness of breath as a result of his infection.  *Id.*

Unrelated to his COVID-19 infection, Power also experiences chronic wrist pain, and in early October 2021 he requested medical leave pursuant to the Family and Medical Leave Act ("FMLA") to receive surgery on his wrist.  Compl. ¶ 20 & n.2.  Menzies Aviation approved Power to go on leave from late October 2021 to January 13, 2022.  Compl. ¶¶ 21–22.  This allegedly frustrated Torres, and during Power's medical leave Torres continually asked Power if he intended to return to work before his approved return date.  Compl. ¶ 21.  The day before Power's scheduled return date, he and Torres met for lunch, during which Torres informed Power that several of Power's job duties had been reassigned to a younger subordinate during his time on leave.  *See* Compl. ¶ 22.  Then, after Power returned to work, Torres began to "berate[]" him over his work performance and fired him within a month of his return.  Compl. ¶ 23.

Power dual filed charges with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR"), alleging he was terminated and replaced with a younger, non-disabled coworker out of retaliation and because of his age and "disabilities/perceived disabilities/medical conditions."  *See* Compl. ¶ 7; Charge of Discrimination ("EEOC Charge"), [ECF No. 1-5].[2]  Expanding on his claim, Power stated "[s]pecifically, from October 27, 2021 to January 13, 2022, I was on federally protected leave for wrist surgery and recovery."  EEOC Charge at 1.  The EEOC Charge references neither Power's COVID-19 infection nor his resulting complications.  *Id.*  After the EEOC completed its investigation,[3] Power

---

[2]  The Court may consider the EEOC Charge in adjudicating the Motion because it is a document central to Power's claim.  *See Giner v. AllStars Ins. Partners, Inc.*, No. 19-22434, 2019 WL 6130772, at *1 n.1 (S.D. Fla. Nov. 19, 2019).

[3]  In the Motion, Menzies Aviation claims Power filed this action "even though the EEOC had not rendered a decision on his EEOC Charge, and had not issued a right-to-sue letter."  Mot. at 2.  To satisfy itself of the

filed suit, asserting five claims against Menzies Aviation: three violations of the Florida Civil Rights Act ("FCRA"), one each for age discrimination (Count I), disability discrimination (Count II), and retaliation (Count III); one count for interference in violation of the FMLA (Count IV); and one count for retaliation in violation of the FMLA (Count V). Compl. ¶¶ 34–67. Menzies Aviation now moves to partially dismiss Count II to the extent it seeks to recover for discrimination on the basis of Power's COVID-19 infection and resulting complications because these were not mentioned in the EEOC Charge.

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When evaluating a Rule 12(b)(6) motion to dismiss, the court must accept all well-pleaded factual allegations as true and draw all inferences in favor of the plaintiff. *Smith v. United States*, 873 F.3d 1348, 1351 (11th Cir. 2017). Although the court is required to accept all allegations contained in the complaint as true, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A complaint may be dismissed based on an affirmative defense "when the affirmative defense appears on the face of the complaint." *Wells v. Brown*, 58 F.4th 1347, 1350 (11th Cir. 2023).[4]

---

procedural posture of the administrative proceedings, the Court held a telephonic status conference, [ECF No. 23], at which the parties confirmed that, despite this language, the EEOC investigation is in fact closed.

[4]  The failure to exhaust administrative remedies can sometimes operate as a jurisdictional defect rather than an attack on the merits. *See, e.g.*, *Dewein v. McDonald*, No. 16-00261, 2017 WL 11727744, at *2 (N.D. Fla. Jan. 3, 2017) ("Courts are split as to the proper vehicle to challenge the failure to exhaust administrative remedies."). The Court finds it appropriate to proceed under Rule 12(b)(6) because other courts have treated the question of whether acts of discrimination in a complaint stemmed from a prior EEOC charge as an attack on the merits. *See, e.g.*, *Gregory v. Ga. Dep't of Hum. Res.*, 355 F.3d 1277, 1280 (11th Cir. 2004) (affirming denial of summary judgment); *Donovan v. Westcor Land Title Ins.*, No. 20-544,

## ANALYSIS

The Court agrees that because Power did not mention his COVID-19 diagnosis and resulting complications in the EEOC Charge he cannot rely on them to support his claim for disability discrimination. *See* Mot. at 5–9. A plaintiff asserting an FCRA claim must first administratively exhaust the plaintiff's remedies by filing a complaint with either the EEOC or FCHR. *Jones v. Bank of Am.*, 985 F. Supp. 2d 1320, 1325 (M.D. Fla. 2013). Charges filed with the EEOC must contain "[a] clear and concise statement of the facts, including pertinent dates, constituting the alleged unlawful employment practices." 29 C.F.R. § 1601.12(a)(3). Where a plaintiff first files a complaint with the EEOC, a subsequent judicial complaint is "limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Gregory*, 355 F.3d at 1280. The court must determine whether the "plaintiff's complaint is like or related to, or [grows] out of, the allegations contained in the EEOC charge." *Batson v. Salvation Army*, 897 F.3d 1320, 1328 (11th Cir. 2018) (alterations accepted) (quoting *Gregory*, 355 F.3d at 1280).

A complaint satisfies this requirement where it simply "'amplif[ies], clarif[ies], or more clearly focus[es]' the allegations in the EEOC complaint." *Gregory*, 355 F.3d at 1279 (quoting *Wu v. Thomas*, 863 F.2d 1543, 1547 (11th Cir. 1989)). But a plaintiff fails to exhaust administrative remedies where a complaint contains a different disability than the disability referenced in the plaintiff's EEOC charge. *See, e.g.*, *Beepot v. John Hancock Fin. Servs.*, No. 05-1208, 2006 WL 8439270, at *1 (M.D. Fla. Oct. 18, 2006) ("Allegations of discrimination based on totally different disabilities from the one mentioned in a charge of discrimination are not

---

2020 WL 13357822, at *2 (M.D. Fla. July 8, 2020) (applying Rule 12(b)(6) standard). Were the Court to treat the Motion as a factual attack on jurisdiction the result would remain the same, however, because courts may consider extrinsic evidence such as the EEOC Charge when adjudicating factual challenges to jurisdiction. *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1335–36 (11th Cir. 2013).

reasonably related to the charged allegations. . . ." (quoting *Schwertfager v. City of Boynton Beach*, 42 F. Supp. 2d 1347, 1355 n.7 (S.D. Fla. 1999))); *McClain v. Ford Motor Co.*, No. 19-12722, 2022 WL 671430, at *4 (E.D. Mich. Mar. 7, 2022) (holding ADA claim futile because it sought relief for a different disability than the disability referenced in the EEOC charge); *Wicik v. Cnty. of Cook*, No. 17-06856, 2018 WL 1453555, at *4 (N.D. Ill. Mar. 23, 2018) (holding a plaintiff failed to exhaust administrative remedies where the complaint referenced "instances of discriminatory treatment involv[ing] different actors, different conduct, and *even different disabilities*" (emphasis added)).

Power argues that by using the generic phrase "disabilities/perceived disabilities/medical conditions" his EEOC Charge would result in an investigation that encompassed more than the allegations relating to his wrist pain. *See* Resp. at 5. Stated differently, Power argues a generic, undefined phrase such as "disabilities" puts the EEOC on notice of all possible disabilities a plaintiff may subsequently include in a judicial complaint. But even assuming that is true, this argument ignores the fact the EEOC Charge did not simply use a generic phrase—it clarified itself soon after by stating that "*[s]pecifically*, from October 27, 2021 to January 13, 2022, [Power] was on federally protected leave for *wrist surgery and recovery*." EEOC Charge at 1 (emphases added). It is clear that notwithstanding the EEOC Charge's use of the plural "disabilities/perceived disabilities/medical conditions" initially, it in fact only alleged one disability: Power's wrist pain.[5]

---

[5] The Court is not persuaded by Power's citation to *Donovan*. There, the Middle District of Florida held the plaintiff's claims stemmed from her EEOC charge because both the charge and complaint "assert[ed] the same 'act' of discrimination—disability discrimination under the ADA" and "the only 'new' information the Complaint allege[d] relate[d] to the specificity of the disabilities, not the type of discrimination nor the individual acts indicative of possible discriminatory behavior." *Donovan*, 2020 WL 13357822, at *7. But in *Donovan*, the plaintiff's charge referenced two disabilities: a generic "disability" and a separate, specific disability. *See id.* Accordingly, the information in the complaint "simply shed light on the disability Plaintiff referenced generically." *Id.* In contrast, Power expanded on his generic reference in the EEOC Charge itself.

There are no allegations within the EEOC Charge that would reasonably produce an investigation into Power's COVID-19 infection.  And because the EEOC Charge does not reference COVID-19 whatsoever, the Complaint does more than merely amplify, clarify, or more clearly focus the allegations within the EEOC Charge.  Power's COVID-19 diagnosis is a different disability than the one referenced in the EEOC Charge, and therefore Count II must be partially dismissed.

## CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that the Motion, [ECF No. 9], is **GRANTED**.  Count II of the Complaint, [ECF No. 1-1], is **DISMISSED** *with prejudice* to the extent it seeks recovery on the basis of discrimination relating to Power's alleged COVID-19 diagnosis and resulting complications.  Power shall file an Amended Complaint in accordance with this Order on or before **April 21, 2023.**

**DONE AND ORDERED** in Miami, Florida, this 14th day of April, 2023.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**